# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JULIAN E. ROCHESTER, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| NEW BLACK KLU KLUX KLAN, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:12-CV-2549-TWT-JFK |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner, Julian E. Rochester, SCDC ID 171519, confined in Perry Correctional Institution in Pelzer, South Carolina, without payment of a filing fee, has submitted a *pro se* action – under 28 U.S.C. §§ 2241, 2244(b) and 42 U.S.C. § 1985(3) and the Federal Tort Claims Act (FTCA) – which the Clerk of Court docketed as a habeas corpus petition. (Doc. No. 1). The undersigned recommends that this action, whether construed as a federal habeas corpus petition or a non-habeas civil action, be dismissed.

A federal habeas corpus petition, 28 U.S.C. § 2241, must be brought in the United States District Court for the district in which a federal prisoner is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate

is incarcerated."). When the Court lacks jurisdiction, it "shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C. § 1631.

As to non-habeas civil actions, 28 U.S.C. § 1915(g) does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and a prisoner wishing to pursue his or her claims must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

The undersigned has reviewed Petitioner's pleading in which he expresses a belief that the New Black Klu Klux Klan, lead by the United States President, exists in state and federal courts nationwide and is impeding the rights of *pro se* litigants to "access all courts by interstate travel by mails[.]" (Doc. No. 1 at 1; Doc. No. 2 at 3). Otherwise, even read liberally, Petitioner's pleading makes little sense. *Pro se* litigants

2

continue to have liberal access to the courts, as evidenced by this Order, and the chief impediment to actions such as this one may be found in the litigant's own pleadings.

To the extent that this action is construed as a federal habeas corpus petition, it should have been filed in the District Court for the district in which Petitioner is incarcerated. Transfer to the proper court, however, is unwarranted based on the nonsensical nature of Petitioner's pleading. To the extent that this action is construed as a non-habeas civil action, it must be dismissed because Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim.[1] See Rochester v. Bush, No. 1:08-CV-0048-WBH (N.D. Ga. Jan. 25, 2008) (listing cases).

**IT IS ORDERED**, to the extent this action is construed as a federal habeas corpus action, that Petitioner is **GRANTED** *in forma pauperis* status for the purpose of dismissal.

**IT IS RECOMMENDED**, to the extent that this action is construed as a non-habeas civil action, that Plaintiff be **DENIED** *in forma pauperis* status, and **IT IS**

---

[1] Plaintiff does not clearly allege any action that places him in imminent threat of serious injury.

3

**FURTHER RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 23rd day of August, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)